United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11102
Conference Calendar

_____

DON BENNY ANDERSON,

Petitioner-Appellant,

versus

L.E. FLEMING,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1145-Y
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Don Benny Anderson, Federal prisoner # 060260-026, has

appealed the district court's judgment dismissing his petition

for a writ of habeas corpus, under 28 U.S.C. § 2241, challenging

a conviction for interference with commerce by threats of

violence and aiding and abetting, in violation of 18 U.S.C.

§§ 1951 & 2. See United States v. Anderson, 716 F.2d 446 (7th

Cir. 1983). Anderson contends that the trial court was without

jurisdiction because the Government failed to establish that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense resulted in a "commercial injury" and so affected interstate commerce. Because the Government did not make such a showing, he contends, the Government lacked "standing" to prosecute him.

Anderson contends that he should be permitted to pursue this claim in a 28 U.S.C. § 2241 proceeding under the Savings Clause of 28 U.S.C. § 2255 because this claim is based upon a novel legal theory. Anderson does not contend that the claim he wishes to assert is based upon a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense. Nor has he shown that his claim was foreclosed previously by circuit precedent. Accordingly, he has not carried his burden of showing that his claim may be asserted under the Savings Clause. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

We note also that the question whether the Government had carried its burden of showing an interstate nexus was raised on direct appeal and was rejected. See Anderson, 716 F.2d at 450. The appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.